1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   MIGUEL ENRIQUE DIAZ,                          CASE NO.  1:12-cv-00732-GBC (PC)

10                      Plaintiff,
                                                 ORDER DISMISSING COMPLAINT WITH
11         v.                                    LEAVE TO AMEND

12   CAPT. VASQUEZ, et al.,
                                                 ORDER  DENYING  MOTIONS  FOR
13                      Defendants.               PRELIMINARY INJUNCTION
                                                 (Doc. 2; Doc. 6)
14
                                                 AMENDED  COMPLAINT  DUE  WITHIN
15                                               TWENTY-ONE DAYS
   _____/
16

17   **I.      Procedural History**

18          Miguel Enrique Diaz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis,

19   in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 4, 2012, Plaintiff filed a motion for

20   emergency injunction without ever filing a complaint.  Doc. 1; Doc. 2.  On May 14, 2012, Plaintiff

21   filed another motion for preliminary injunction.  Doc. 6.  The Court will treat Plaintiff's motion as

22   a motion for preliminary injunction and also as a complaint.  Doc. 2.

23   **II.     Screening Requirement**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

7   U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

8   *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

9   (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

10   allegations of the complaint in question, and construe the pleading in the light most favorable to the

11   plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

12   (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

13   **III.   Plaintiff's Complaint**

14        Plaintiff is currently a state prisoner at the California State Prison, Corcoran (CSPC) in

15   Corcoran, California.  The events central to Plaintiff's complaint occurred while he was at prisoner

16   at California Substance Abuse Treatment Facility (CSATF) in Corcoran, California.  Doc. 2.  In the

17   complaint, Plaintiff fails to name any defendants.  Doc. 2.  Plaintiff seeks injunctive relief.  Doc. 2.

18        Plaintiff alleges that he arrived to CSATF on April 17, 2012.  Doc. 2 at 2. On April 30, 2012,

19   Correctional Officer Lozano denied Plaintiff a reasonable accommodation.  Doc. 2 at 2.  Officer

20   Lozano called Lieutenant J. Gallagher who told Plaintiff that all state issued shoes are soft shoes.

21   Doc. 2 at 2.  Gallagher stated that he spoke to C. M. Heck Agpa who stated that Plaintiff's "chrono"[1]

22   was invalid.  Doc. 2 at 2.  Plaintiff asserts that his chrono specifically states that "state issued shoes

23   cause further tendon injury and bleeding in this inmate."  Doc. 2 at 2.  Plaintiff argues that the denial

24   of any reasonable accommodation in the memorandum issued on March 28, 2012, by Captain

25

26        [1] Plaintiff does not define the meaning of "chrono."  A medical "chrono" is a recommendation, usually
27   related to an inmate's medical condition or course of treatment, issued by a prison physician.  *See e.g.*, Cal. Code
     Regs. tit. 15, § 3043.5(d) (describing the medical chrono also known as "Form 128-C"); *see generally* Cal. Code
28   Regs. tit. 15, § 3000 (defining "general chrono" written on CDC Form 128-B "which is used to document
     information about inmates and inmate behavior").

1   Vasquez and signed by Lieutenant Morales violated the ADA and constitutes cruel and unusual

2   punishment. Doc. 2 at 2-3. Plaintiff alleges that he is a diabetic with lower mobility impairments

3   and is insulin dependant. Doc. 2 at 2. Plaintiff argues that he is being subjected to malicious cruelty

4   and intentional reckless disregard of his ADA rights and is suffering from the wilful infliction of

5   pain and suffering by violating his chrono. Doc. 2 at 2. Plaintiff states that his tendon injury is

6   documented by the Chief Medical Officer at CSP Solano where he was formerly housed and

7   Associate Warden Shirley at CSP Solano granted his ADA appeal. Doc. 2 at 3.

8   **IV.     Applicable Law and Analysis**

9         **A.     Eighth Amendment Deliberate Indifference to Serious Medical Need**

10      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

11  must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096

12  (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate

13  indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that

14  'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and

15  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

16  indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

17  1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)

18  (en banc)).

19      Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

20  pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing

21  *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials

22  deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which

23  prison physicians provide medical care." *Jett*, 439 F.3d at 1096 (citing *McGuckin* at 1060). Where

24  a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm

25  in order for the prisoner to make a claim of deliberate indifference to serious medical needs.

26  *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th

27  Cir. 1985)).

28  ///

1        **1.**     **Analysis**

2        Plaintiff fails to state a cognizable Eighth Amendment claim.  Plaintiff alleges that various

3 individuals were indifferent by failing to provide him with soft soled shoes in spite of a medical

4 chrono issued from another prison stating that he needs soft soled shoes.  However, according to

5 Plaintiff's complaint, Gallagher said that all of the state issued shoes are soft shoes, thus meeting

6 Plaintiff's needs.  A difference of opinion over what constitutes proper treatment does not constitute

7 an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez v. Vild*,

8 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407

9 (9th Cir. 1984).  Moreover, the Constitution does not require that prison doctors give inmates every

10 medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).  Although

11 Plaintiff believes that a different pair of soft sole shoes would better than state issued soft sole shoes,

12 Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48.  As a matter

13 of law, differences of opinion between prisoner and prison doctors fails to show deliberate

14 indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)

15 (emphasis added); *see also Allison v. Prison Health Services, Inc.*, 2009 WL 205228, at \*8 (D. Idaho

16 Jan. 28, 2009) (finding that Plaintiff's assertion that a different orthotic device would provide better

17 treatment was insufficient to maintain a claim of an Eighth Amendment violation).

18     **B.**     **ADA**

19        Plaintiff mentions the American with Disabilities Act, which "prohibit[s] discrimination on

20 the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a

21 violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified individual with a

22 disability; (2)[he] was excluded from participation in or otherwise discriminated against with regard

23 to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by

24 reason of [his] disability." *Lovell*, 303 F.3d at 1052.  The treatment, or lack of treatment, concerning

25 a medical condition does not provide a basis upon which to impose liability under the ADA. *Burger*

26 *v. Bloomberg*, 418 F.3d 882, 882 (8th Cir.2005) (medical treatment decisions not a basis for RA or

27 ADA claims); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir.2005) (RA not

28 intended to apply to medical treatment decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134,

1    1144 (10th Cir.2005) (medical decisions not ordinarily within scope of ADA or RA); *Bryant v.*

2    *Madigan*, 84 F.3d 246, 249 (7th Cir.1996) ("The ADA does not create a remedy for medical

3    malpractice.").  Further, Plaintiff may name the appropriate entity or state officials in their official

4    capacities, but he may not name individual prison employees in their personal capacities; individual

5    liability is precluded under the ADA.  *Shaughnessy v. Hawaii*, No. 09-00569 JMS/BMK, 2010 WL

6    2573355, at *8 (D. Hawai'i June 24, 2010); *Anaya v. Campbell*, No. CIV S-07-0029 GEB GGH P,

7    2009 WL 3763798, at *5-6 (E.D.Cal. Nov.9, 2009); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW

8    LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec.1, 2005).

9         Plaintiff has not shown that he was intentionally discriminated against based on any

10   disability, his allegations relate only to Plaintiff's soft shoes, which the complaint states that he has,

11   and he names only individual defendants.  For all of these reasons, Plaintiff fails to state a claim for

12   violation of the ADA.

13        **C.     Linkage**

14        Under § 1983, Plaintiff must link the named defendants to the participation in the violation

15   at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

16   Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934.  Liability may not be

17   imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-

18   49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

19   directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,

20   880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*,

21   567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th

22   Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or

23   inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence

24   in, an unconstitutional policy may support a claim, the policy must have been the moving force

25   behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir.

26   2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*,

27   885 F.2d 642, 646 (9th Cir. 1989).

28   ///

1  **V.      Preliminary Injunction**

2      "A preliminary injunction is an extraordinary remedy never awarded as a matter of

3  right."   *Winter v. Natural Resources Defense Council, Inc*., 129 S.Ct. 365, 376

4  (2008)(citation omitted).  "A plaintiff seeking a preliminary injunction must establish that

5  he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

6  of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

7  in the public interest." *Id*. at 374 (citations omitted).  An injunction may only be awarded

8  upon a clear showing that the plaintiff is entitled to relief.   *Id*. at 376 (citation

9  omitted)(emphasis added).   The Ninth Circuit has made clear that "[T]o the extent that our

10  cases have suggested a lesser standard, they are no longer controlling, or even viable.*"*

11  *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking*

12  *Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The moving party

13  has the burden of proof on each element of the test. *Environmental Council of Sacramento*

14  *v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).  'A federal court may issue an injunction

15  if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may

16  not attempt to determine the rights of persons not before the court.' *Price v. City of Stockton*, 390

17  F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985).

18      Plaintiff has not met his burden as the moving party.  "[A] preliminary injunction is an

19  extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear*

20  *showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

21  (quotations and citations omitted) (emphasis in original).  A mandatory preliminary injunction, such

22  as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not

23  be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals*

24  *Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  As the moving party, it is Plaintiff who bears the burden.

25      In the Court's above screening of Plaintiff's complaint, the Court concluded that Plaintiff

26  failed to state a claim.  Thus Plaintiff has failed to demonstrate a likelihood of success on the

27  merits or raise serious questions going to the merits. Therefore, the Court, in its discretion,

28  will deny the motions for a preliminary injunction.

1          **VI.     Conclusions and Order**

2          Plaintiff's complaint fails to state a claim upon which relief may be granted under section

3  1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*,

4  809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding

5  new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

6  2007).

7          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

8  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

9  *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations

10 must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp.*

11 *v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

12         Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be

13 complete in itself without reference to any prior pleading.  An amended complaint supercedes the

14 original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1

15 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the

16 prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an

17 original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18 The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to

19 the appropriate case number, and be an original signed under penalty of perjury.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1   Based on the foregoing, it is HEREBY ORDERED that:

2   1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3   2.   Plaintiff's complaint, filed May 4, 2012, is dismissed for failure to state a claim upon

4        which relief may be granted;

5   3.   Plaintiff's motions for injunctive relief are denied (Doc. 2; Doc. 6);

6   3.   Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file

7        an amended complaint; and

8   4.   If Plaintiff fails to file an amended complaint in compliance with this order, this

9        action will be dismissed, with prejudice, for failure to state a claim.

10

11  IT IS SO ORDERED.

12  Dated:    November 9, 2012

13                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28