# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ENRIQUE DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPT. VASQUEZ, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-00732-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION<br>(Doc. 2; Doc. 6)<br><br>AMENDED COMPLAINT DUE WITHIN TWENTY-ONE DAYS |

**I.　Procedural History**

Miguel Enrique Diaz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On May 4, 2012, Plaintiff filed a motion for emergency injunction without ever filing a complaint. Doc. 1; Doc. 2. On May 14, 2012, Plaintiff filed another motion for preliminary injunction. Doc. 6. The Court will treat Plaintiff's motion as a motion for preliminary injunction and also as a complaint. Doc. 2.

**II.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.   Plaintiff's Complaint**

Plaintiff is currently a state prisoner at the California State Prison, Corcoran (CSPC) in Corcoran, California.  The events central to Plaintiff's complaint occurred while he was at prisoner at California Substance Abuse Treatment Facility (CSATF) in Corcoran, California.  Doc. 2.  In the complaint, Plaintiff fails to name any defendants.  Doc. 2.  Plaintiff seeks injunctive relief.  Doc. 2.

Plaintiff alleges that he arrived to CSATF on April 17, 2012.  Doc. 2 at 2. On April 30, 2012, Correctional Officer Lozano denied Plaintiff a reasonable accommodation.  Doc. 2 at 2.  Officer Lozano called Lieutenant J. Gallagher who told Plaintiff that all state issued shoes are soft shoes. Doc. 2 at 2.  Gallagher stated that he spoke to C. M. Heck Agpa who stated that Plaintiff's "chrono"[1] was invalid.  Doc. 2 at 2.  Plaintiff asserts that his chrono specifically states that "state issued shoes cause further tendon injury and bleeding in this inmate."  Doc. 2 at 2.  Plaintiff argues that the denial of any reasonable accommodation in the memorandum issued on March 28, 2012, by Captain

---

[1] Plaintiff does not define the meaning of "chrono."  A medical "chrono" is a recommendation, usually related to an inmate's medical condition or course of treatment, issued by a prison physician.  *See e.g.*, Cal. Code Regs. tit. 15, § 3043.5(d) (describing the medical chrono also known as "Form 128-C"); *see generally* Cal. Code Regs. tit. 15, § 3000 (defining "general chrono" written on CDC Form 128-B "which is used to document information about inmates and inmate behavior").

Vasquez and signed by Lieutenant Morales violated the ADA and constitutes cruel and unusual punishment. Doc. 2 at 2-3. Plaintiff alleges that he is a diabetic with lower mobility impairments and is insulin dependant. Doc. 2 at 2. Plaintiff argues that he is being subjected to malicious cruelty and intentional reckless disregard of his ADA rights and is suffering from the wilful infliction of pain and suffering by violating his chrono. Doc. 2 at 2. Plaintiff states that his tendon injury is documented by the Chief Medical Officer at CSP Solano where he was formerly housed and Associate Warden Shirley at CSP Solano granted his ADA appeal. Doc. 2 at 3.

**IV.   Applicable Law and Analysis**

    **A.   Eighth Amendment Deliberate Indifference to Serious Medical Need**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett*, 439 F.3d at 1096 (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

///

**1.     Analysis**

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges that various individuals were indifferent by failing to provide him with soft soled shoes in spite of a medical chrono issued from another prison stating that he needs soft soled shoes. However, according to Plaintiff's complaint, Gallagher said that all of the state issued shoes are soft shoes, thus meeting Plaintiff's needs. A difference of opinion over what constitutes proper treatment does not constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). Although Plaintiff believes that a different pair of soft sole shoes would better than state issued soft sole shoes, Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added); *see also Allison v. Prison Health Services, Inc.*, 2009 WL 205228, at *8 (D. Idaho Jan. 28, 2009) (finding that Plaintiff's assertion that a different orthotic device would provide better treatment was insufficient to maintain a claim of an Eighth Amendment violation).

**B.     ADA**

Plaintiff mentions the American with Disabilities Act, which "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified individual with a disability; (2)[he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. The treatment, or lack of treatment, concerning a medical condition does not provide a basis upon which to impose liability under the ADA. *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir.2005) (medical treatment decisions not a basis for RA or ADA claims); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir.2005) (RA not intended to apply to medical treatment decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134,

4

1144 (10th Cir.2005) (medical decisions not ordinarily within scope of ADA or RA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir.1996) ("The ADA does not create a remedy for medical malpractice."). Further, Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities; individual liability is precluded under the ADA. *Shaughnessy v. Hawaii*, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D. Hawai'i June 24, 2010); *Anaya v. Campbell*, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov.9, 2009); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec.1, 2005).

Plaintiff has not shown that he was intentionally discriminated against based on any disability, his allegations relate only to Plaintiff's soft shoes, which the complaint states that he has, and he names only individual defendants. For all of these reasons, Plaintiff fails to state a claim for violation of the ADA.

**C.     Linkage**

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

///

### V. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation omitted)(emphasis added). The Ninth Circuit has made clear that "[T]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable.*"* *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). 'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A mandatory preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). As the moving party, it is Plaintiff who bears the burden.

In the Court's above screening of Plaintiff's complaint, the Court concluded that Plaintiff failed to state a claim. Thus Plaintiff has failed to demonstrate a likelihood of success on the merits or raise serious questions going to the merits. Therefore, the Court, in its discretion, will deny the motions for a preliminary injunction.

**VI.     Conclusions and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///
///
///
///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed May 4, 2012, is dismissed for failure to state a claim upon which relief may be granted;
3. Plaintiff's motions for injunctive relief are denied (Doc. 2; Doc. 6);
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   November 9, 2012

UNITED STATES MAGISTRATE JUDGE